Wheelee,, J.
Of the errors assigned it will be necessary to notice only that which brings in question the overruling of the motion in arrest of judgment.
Note 47. — The State v. Williams, post, 206.
The provision of the statute upon which this suit is founded is, “that if any of the officers herein named shall demand and receive any other or higher fees than prescribed in this act for any of the services herein mentioned he shall be liable to the party aggrieved for fourfold the fees so unlawfully demanded and received.” &c. (Hart. Dig., art. 1376.) The offense upon commission of which the liability is incurred consists in demanding and receiving “other and higher fees than are prescribed in this act for any of the services herein mentioned.” But the money received in this case is not alleged to have been and it is shown that it was not received for any of the services mentioned in the act. The receipt of the money therefore, though unauthorized, did not constitute the offense created by the statute. The essential ingredient that it be received for some one of the services mentioned in the statute was wanting. The statute is penal aud must be construed strictly.
The estate was not subject to the payment of this money by any law in force at the time. An action would doubtless lie in behalf of the estate to recover it back. But this action is brought by the plaintiff in her own right. She alleges that she paid the money as administratrix; and she now brings an action to recover it back in her own right. She paid not her own money but that of the estate. If permitted to maintain this action she would be enabled by the judgment of the court to convert and appropriate the money so paid to her own use.
The facts alleged in the petition do not constitute a case within the provision of the statute. The defendant did not incur the penal consequences denounced by it, and consequently the action cannot be maintained to recover the penalty consequent upon an infraction of its provisions.
Nor does the petition disclose a right of action in the plaintiff to recover back the money paid. On the contrary the facts averred are inconsistent with the existence of any right of action in the plaintiff.
The objections to the petition go to the right of action, and were well taken by motion in arrest of judgment.
The judgment must be reversed and the case dismissed.
Reversed and dismissed.